The defendant was held to answer before a justice of the peace for failure to work on a certain public road in Ashe County. (See Laws 1874-75, ch. 161.) Upon motion of the defendant, the justice of the peace dismissed the action upon the ground that the report of the commissioners who laid off said road had not been confirmed by the county commissioners, and the complainant (the overseer) appealed to the Superior Court. In that court the jury found a special verdict: (1) That the defendant lives within 3 miles of said road; (2) that he had two weeks notice to work on the same; (3) that the overseer did not notify the defendant what kind of tools to bring; and (4) that the defendant refused to work on the road. Thereupon, his Honor held that the defendant was not guilty; for that the warrant was too (493) indefinite and charged no offense, nor did it conclude against the peace and dignity of the State or against the statute. From which ruling Cowles, solicitor for the State, appealed.
The State and the overseer obtained a warrant against the defendant for failing to work a public road. It is doubtful whether *Page 354 
it was issued for the penalty or the misdemeanor. His Honor, in disposing of the case, seems to have treated it as the latter.
In looking through the record, as we are required to do, we find the warrant fatally defective because it does not conclude contra formamstatuti, which is not cured by the statute of jeofails.
As an indictment, according to all the forms and authorities, it should so conclude; and as a proceeding for a penalty, it must so conclude in order to show the defendant "how it become due." Turnpike Co. v. McCarson,18 N.C. 306.
PER CURIAM. Affirmed.
Cited: S. v. Lowder, 85 N.C. 565.
(494)