### STATE v. THOMAS A. LOWDER.

*Insufficiency of a Justice's Warrant.*

A justice's warrant charging the defendant with an offence punishable by statute, which concludes "contrary to law " is defective. . The particularity required in indictments cannot be dispensed with in warrants, and hence in this case the conclusion against the statute was necessary.
(*State* v. *Luther*, 77 N. C., 492, cited and approved.)

CRIMINAL ACTION heard on appeal at Spring Term, 1881, of STANLY Superior Court, before *Eure, J.*

The charge against the defendant is that of trespassing upon lands after being forbidden to enter by the owner thereof. Bat. Rev., ch. 32, § 116. The prosecution began in a justice's court, and the only exception is as to the sufficiency of the warrant upon which the defendant was arrested and tried. After setting out the offence charged, the warrant concludes, " contrary to law, and against the peace and dignity of the state." In the superior court, after a verdict of guilty the defendant moved in arrest of judgment, on the ground that the warrant should have concluded *against the statute,* but the court overruled the motion and pronounced judgment, from which the defendant appealed.

*Attorney General,* for the State.
*Messrs. J. A. Lockhart* and *S. J. Pemberton,* for defendant.

RUFFIN, J. It is the well established law of this state,

that every indictment which is founded on a statute must conclude against the statute, otherwise it is at common law, and if the offence be not punishable by that law, there can be no judgment against the accused.

This is no mere arbitrary rule to be dispensed with at the will of the courts, but is founded upon the soundest reasoning and a due regard for the safety of the party to be tried. It is intended to give him notice of the law against which it is alleged he has offended. There is no other means established by law through which this intelligence can certainly be conveyed to him, important as it may be, to enable him to prepare for his defence.

We cannot sympathize with that disposition, which seems to be growing, to dispense with the strict requirements of the law in the courts of justices of the peace, because of their supposed want of professional learning and skill. To do so, is to admit that such requirements are purely technical, and intended only to *catch* the unlearned and un-skillful; whereas there is not one of them that is not sensible, and which may not at some time be needed to help the innocent  And very certain it is, that the greater the hazard to the party accused, growing out of the lack of legal learning on the part of the tribunal which tries him, the more exacting should the law be in its demands for precision and certainty in the mode of proceeding. It is due alike to the dignity of the law, and the security of the accused.

The case of the *State* v. *Luther*, 77 N. C., 492, is the last of many, in which the omission of the conclusion "against the form of the statute" has been held to be a fatal defect in an indictment, and in that case it was made to apply to the warrant of a justice of the peace.

The effect of the warrant against the present defendant was actually to mislead him, as its conclusion "contrary to law," if it means anything, would most naturally be taken

to refer to the common law, by which law the offence was not punishable, and therefore the judgment should have been arrested.

Error.            Reversed and judgment arrested.